**Victor PERALTA, Plaintiff–Appellant,**

v.

**The ROCKEFELLER UNIVERSITY, Defendant–Appellee.**

**No. 05–6913–cv.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2006.

Victor Peralta, pro se, New York, NY, for Appellant.

Elise M. Bloom, Proskauer Rose, LLP, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

In February 2004, plaintiff-appellant Vincent Peralta, proceeding *pro se,* filed a complaint pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* In January 2005, defendant-appellee Rockefeller University moved for summary judg-

ment. Peralta's response consisted of two pages of unsworn statements. In May 2005, the district court granted Rockefeller University's motion.

We have repeatedly instructed that "[w]hen a *pro se*'s represented opponent files a motion for summary judgment supported by affidavits, the *pro se* litigant cannot be presumed to be aware of the fact that he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial." *Forsyth v. Fed'n Employment and Guidance Serv.*, 409 F.3d 565, 570 (2d Cir.2005); *see also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999). Accordingly, we require either the district court or the movant to provide notice that includes "a short and plain statement that all assertions of material fact in the movant's affidavits will be taken as true by the district court unless the *pro se* litigant contradicts those factual assertions in one or more affidavits made on personal knowledge containing facts that would be admissible in evidence or by submitting other materials as provided in Rule 56(e)." *McPherson v. Coombe*, 174 F.3d 276, 282 (2d Cir.1999). That is, a movant's notice must be sufficient to ensure that the *pro se litigant* understands "the nature of the summary judgment process." *Vital*, 168 F.3d at 621. The Southern District of New York supplies its counseled litigants with a sample form that contains the requisite information and instructs them, without qualification, to use it. *See* Fed. Proc. Rules Serv., Dist. Court for the S. & E. Dist. of N.Y., Rule 56.2.

Here, however, Rockefeller University concedes that the only notice provided to Peralta was a copy of an excerpt of the transcript from a status conference held before the district judge. Affirm. of Elise M. Bloom, Nov. 1, 2006, at ¶¶ 2–3. At that conference, the district judge informed Peralta that he was obligated to respond to Rockefeller University's summary judg-

ment motion "by setting out the facts on which you believe you can prove a case.... Merely making contentions is not enough. You must set out facts." Tr., 12/17/2004, at 4. These instructions alone are insufficient to ensure that Peralta understood what the law required of him, and, therefore, Rockefeller University was obligated to provide Peralta with additional notice of the type exemplified by the Southern District's Local Rule. It failed to do so.

For this reason—while we express no opinion as to the merits of defendant's motion—the judgment of the district court is VACATED AND REMANDED.